**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Adalberto BARRAGAN–ALVAREZ,**
**also known as Ignacio Ortiz,**
**Defendant–Appellant.**

No. 02–41272.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 1, 2005.

James Lee Turner, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Adolfo Alvarez, Law Offices of Al Alvarez, McAllen, TX, for Defendant–Appellant.

Before JOLLY, JONES, and OWEN, Circuit Judges.

PER CURIAM: *

Adalberto Barragan–Alvarez (a/k/a Ignacio Ortiz) appeals the sentence imposed by the district court following his guilty plea to an indictment charging that he possessed with the intent to distribute approximately 37 kilograms of cocaine. Barragan–Alvarez argues that his sentence violates the Sixth Amendment, as illustrated in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court enhanced his sentence based on a finding that he obstructed justice. Although he admits that he gave two different names to authorities, he argues that he never admitted that his conduct qualified as obstruction of justice. He also argues that the court's consideration of the possibility that he was engaged in another drug offense for which the charges were dismissed violated the

---

Sixth Amendment and *Booker.* Barragan–Alvarez acknowledges that he is raising these arguments for the first time on appeal and that our review is thus for plain error. *See United States v. Mares,* 402 F.3d 511, 520 (5th Cir.2005), *cert. denied* —— U.S. ——, 126 S.Ct. 43, —— L.Ed.2d. —— (2005).

Assuming, arguendo, that Barragan–Alvarez has established *Booker* error with respect to either of his claims, he must nevertheless show that the court's error affected his substantial rights. *See Mares,* 402 F.3d at 520. To make such a showing, Barragan–Alvarez must show that the error "affected the outcome of the district court proceedings." *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *see also United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th cir.2005). Barragan–Alvarez has not made such a showing. Accordingly, the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under